UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER BERNARD ROBINSON,

        Plaintiff,

v.

KAREN FIELD, ERIC M. GUTENBERG,
NIMISH R. GANATRA, BRIAN L. MACKIE,
ALLAN THOMAS TRUESDELL, and
JOSEPH F. BURKE,

        Defendants.
_____/

Case No. 16-10207
Honorable George Caram Steeh

## ORDER SUMMARILY DISMISSING THE COMPLAINT

### I. Introduction

This matter has come before the Court on plaintiff Christopher Bernard Robinson's pro se civil rights complaint for money damages. Plaintiff brings this action under 42 U.S.C. § 1983 (civil action for deprivation of rights), 42 U.S.C. § 1985 (conspiracy to interfere with civil rights), and 42 U.S.C. § 1986 (action for neglect to prevent any of the wrongs conspired to be done under § 1985).

Plaintiff is a state prisoner at the Carson City Correctional Facility in Carson City, Michigan. The defendants are: prosecutors Karen Field, Eric M. Gutenberg, Nimish R. Ganatra, and Brian L. Mackie of Ann Arbor, Michigan; state district judge Allan Thomas Truesdell of Ypsilanti, Michigan; and state district judge Joseph F. Burke of Ann Arbor, Michigan.

The complaint and exhibits indicate that, on April 23, 2013, parole agents arrested plaintiff for violating the conditions of parole. While plaintiff was in the custody of the Michigan Department of Corrections, a parole supervisor contacted the Pittsfield Township Police Department and reported that plaintiff was being disorderly and would not sit down. Police officer Stephan Andrews of the Pittsfield Township Police Department responded to the call for help and found plaintiff on the floor. Andrews advised plaintiff to stay put until another officer arrived. Plaintiff subsequently made a movement that indicated he might be trying to slip out of his handcuffs, and when he got to his feet, Andrews grabbed him and took him to the floor. Plaintiff sustained a cut to his chin that required one or two sutures. Plaintiff subsequently was charged, tried, and convicted of resisting and obstructing Officer Andrews.

Plaintiff denies being disorderly during the incident in question, and he claims that Officer Andrews assaulted him. Plaintiff also asserts that the defendants made a number of legal errors and false statements during the criminal proceedings against him. He contends that the defendants conspired to prosecute him on false charges to cover up Officer Andrews' misconduct. Finally, plaintiff claims that defendant Mackie failed to take any corrective action when plaintiff informed Mackie of the alleged conspiracy and miscarriage of justice.

## II. Legal Framework

The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; Flanory v.

Bonn, 604 F.3d 249, 252 (6th Cir. 2010); Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

To prevail on a claim under 42 U.S.C. § 1983, a prisoner must prove "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. Analysis

### A. Plaintiff's Challenge to his Conviction

This is not plaintiff's first civil rights complaint against some of the defendants. See Robinson v. Booth, et al., No. 14-10201 (E.D. Mich. Jan. 13, 2014); Robinson v. Gutenberg, et al., No. 15-10481 (E.D. Mich. Feb. 5, 2015); Robinson v. Field, et al., No. 15-12821 (E. D. Mich. Aug. 5, 2015). And, as this Court pointed out in case number 14-10201, plaintiff may not obtain money damages for his criminal conviction absent a

showing that his conviction has been overturned. The Supreme Court explained in

Heck v. Humphrey, 512 U.S. 477 (1994), that,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Id. at 486-87 (footnote omitted)(emphasis in original). Heck and progeny,

> taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a federal court's issuance of the writ of habeas corpus, and success in this action would necessarily demonstrate the invalidity of his conviction. Therefore, the allegations pertaining to plaintiff's criminal prosecution and conviction are not cognizable under § 1983. Heck, 512 U.S. at 487; Adams v. Morris, 90 F. App'x 856, 858 (6th Cir. 2004). The complaint must be dismissed as frivolous for this reason. Dekoven v. Bell, 140 F. Supp.2d 748, 756 (E.D. Mich. 2001). The sole federal remedy for a challenge to the fact or duration of physical imprisonment is a petition for the writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

**B. Additional Reasons for Denying Relief**

Plaintiff's complaint is frivolous and fails to state a claim for additional reasons. First, prosecutors Karen Field, Eric Gutenberg, Nimish Ganatra, and Brian Mackie enjoy absolute immunity from liability under § 1983 for conduct " 'intimately associated with the judicial phase of the criminal process.' " Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); see also Koubriti v. Convertino, 593 F.3d 459, 467 (6th Cir. 2010) (stating that functions which "serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits"). This immunity extends to a prosecutor's "conduct in 'initiating a prosecution and in presenting the State's case . . . .' " Burns, 500 U.S. at 486 (quoting Imbler, 424 U.S. at 431). Prosecutorial immunity even extends to the knowing use of false testimony at trial. Spurlock v. Thompson, 330 F.3d 791, 797 (6th Cir. 2003) (citing Imbler, 424 U.S. at 413).

Second, defendants Allan Truesdell and Joseph Burke are judges, and "[l]ike other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Judicial

> immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Forrester v. White, 484 U.S., at 227-229, 108 S.Ct., at 544-545; Stump v. Sparkman, 435 U.S., at 360, 98 S.Ct., at 1106. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. Id., at 356-357, 98 S.Ct., at 1104-1105; Bradley v. Fisher, 13 Wall., at 351.

Id. at 11-12. Neither of these exceptions applies here. Therefore, Plaintiff's claims against Judges Truesdell and Burke fail to state a complaint.

A third and final reason for denying relief is that, in addition to requesting money damages, Plaintiff seeks to have the defendants indicted under 18 U.S.C. §§ 241-242 for violating his rights. Plaintiff's reliance on 18 U.S.C. §§ 241-242 is misplaced because those are criminal statutes. There is no private right of action under either one of those criminal statutes, United States v. Oguaju, 76 F. App'x 579, 581 (6th Cir. 2003), and, plaintiff has no authority to initiate a federal criminal action for allegedly unlawful conduct, Kafele v. Frank & Wooldridge Co., 108 F. App'x 307, 308-09 (6th Cir. 2004). "Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 (the criminal analogue of 42 U.S.C. § 1983) . . . ." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989).

## IV. Conclusion

For the reasons given above, plaintiff's complaint is frivolous, fails to state a plausible claim for which relief may be granted, and seeks money damages from defendants who are immune from such relief. The Court therefore summarily dismisses the Court under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court also certifies that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 442-45 (1962).

Dated: March 25, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 25, 2016, by electronic and/or ordinary mail and also on Christopher Robinson #206760, Carson City Correctional Facility, 10274 Boyer Road, Carson City, MI 48811.

s/Barbara Radke
Deputy Clerk